DeWayne THOMPSON, Plaintiff–
Appellant,

v.

J. DePOND, Correctional Officer,
Defendant–Appellee.

No. 14–15993.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 8, 2014.

DeWayne Thompson, Represa, CA, pro
se.

Before: LEAVY, FISHER, and N.R.
SMITH, Circuit Judges.

MEMORANDUM **

DeWayne Thompson, a California state
prisoner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging an Eighth Amend-
ment violation. We have jurisdiction un-
der 28 U.S.C. § 1291. We review de novo.
*Resnick v. Hayes*, 213 F.3d 443, 447 (9th
Cir.2000) (dismissal under 28 U.S.C.
§ 1915A); *Barren v. Harrington*, 152 F.3d
1193, 1194 (9th Cir.1998) (order) (dismissal
under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed
Thompson's action because Thompson

failed to allege facts sufficient to show that
he suffered extreme deprivations constitut-
ing an Eighth Amendment violation. *See
Hudson v. McMillian*, 503 U.S. 1, 9, 112
S.Ct. 995, 117 L.Ed.2d 156 (1992) ("[E]x-
treme deprivations are required to make
out a conditions-of-confinement claim.");
*Johnson v. Lewis*, 217 F.3d 726, 731–32
(9th Cir.2000) (to determine whether a
constitutional violation has occurred, the
circumstances, nature, and duration of a
deprivation must be considered; more
modest deprivations must be lengthy or
ongoing).

We reject Thompson's contention that
the district court erroneously failed to ad-
dress the subjective component of the al-
leged Eighth Amendment violation.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

